```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**BRIAN DODDS,**

                    **Plaintiff,**

      v.                                CASE NO. 11-3220-SAC

**SEWARD COUNTY JAIL, et al.,**

                    **Defendants.**

## O R D E R

This matter comes before the court on a form complaint for filing under 42 U.S.C. § 1983, submitted pro se by a prisoner confined in the Seward County jail in Liberal, Kansas. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

*In Forma Pauperis Status, 28 U.S.C. § 1915*

Plaintiff must pay the full $350.00 filing fee in this civil action. *See* 28 U.S.C. § 1915(b)(1)(prisoner bringing a civil action or appeal in forma pauperis is required to pay the full filing fee). If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by periodic payments from plaintiff's inmate trust fund account as authorized in 28 U.S.C. § 1915(b)(2).

Pursuant to 28 U.S.C. § 1915(b)(1), the court is required to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding

the date of filing of a civil action. Having examined the limited records provided for that relevant period, the court assesses an initial partial filing fee of $11.00, twenty percent of the average monthly deposit to plaintiff's account, rounded to the lower half dollar. The failure to pay this assessed fee in a timely manner may result in the dismissal of this action without prejudice.

*Screening of the Complaint, 28 U.S.C. § 1915A*

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Although a complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even under this standard a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). Plaintiff bears the burden of alleging "enough facts to state a claim to relief that is *plausible* on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

In the present case, plaintiff alleges he slipped and fell in the jail in September 2011. He cites shower water on the floor, and claims the show shoes provided to the jail by Bob Barker Co. are not

slip resistant.  Plaintiff further alleges he was battered by a jail officer when plaintiff was hit by one or more objects being thrown by an officer as the officer removed objects from a cell window. The two defendants named in the complaint are the Seward County Jail and Bob Barker, Co., a North Carolina company.

Absent amendment of the complaint to cure the deficiencies identified below, the court finds the complaint is subject to being summarily dismissed as stating no claim for relief for the following reasons.

The county jail is not a proper defendant because the facility itself is not an entity subject to suit.  See *Aston v. Cunningham*, 216 F.3d 1086 n. 3 (10th Cir., Jun. 21, 2000)("a detention facility is not a person or legally created entity capable of being sued")(citing majority of courts that have concluded that a detention facility lacks capacity to be sued).

Plaintiff does not identify the officer alleged to have battered him, but even if he did, plaintiff's allegations against this defendant sound in state tort and fail to plausibly establish any actionable constitutional claim of being subjected to cruel and unusual punishment.  See *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 201-03 (1989)(§ 1983 does not impose liability for violations of duties of care arising out of state tort law).

Likewise, plaintiff's allegations against the North Carolina company providing clothing to the jail sound in negligence at best if at all, thus no viable claim under § 1983 is presented even if plaintiff could establish this defendant was acting under color of state law.  State tort relief on plaintiff's allegations against

this defendant lies in the state courts, assuming personal jurisdiction over the out of state company can be established.

### Notice and Show Cause Order to Plaintiff

For these reasons, the court directs plaintiff to show cause why the complaint should not be summarily dismissed as stating no claim for relief.  The failure to file a timely response may result in dismissal of this action without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that within thirty (30) days, plaintiff shall submit an initial partial filing fee of $11.00.  Any objection to this order must be filed on or before the date payment is due.

IT IS FURTHER ORDERED that plaintiff is granted thirty (30) days to show cause why the complaint should not be summarily dismissed as stating no claim for relief.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 1st day of February 2012 at Topeka, Kansas.


    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge